**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at PIKEVILLE**

Civil Action No. 20-159-HRW

**RHONDA CAUDILL,**                                                        **PLAINTIFF,**

v.                     **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

                **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on April 8, 2019, alleging disability beginning on August 29, 2018, due to lupus, Raynaud's disease, type 2 diabetes, depression, anxiety, and panic disorder. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Nathan Brown (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina K. Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 15-28). Plaintiff was 41 years old at the time she alleges she became disabled. She has at least a high school education and past relevant work as a property manager (Tr. 26-27).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffers from systemic lupus erythematosus, Raynaud's disease, diabetes mellitus type I, depressive disorder, anxiety disorder and panic disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 18 -19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 26) but determined that she has the residual functional capacity ("RFC") to perform m light work as defined in 20 CFR 404.1567(b) except she can operate foot controls bilaterally frequently. She can operate hand controls bilaterally frequently. She can handle and finger items frequently bilaterally. The claimant can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance and stoop; occasionally kneel, crouch and crawl. The claimant can work at unprotected heights occasionally; can work around moving mechanical parts occasionally; and can operate a motor vehicle frequently. She can work in weather occasionally; in extreme cold occasionally; in extreme heat frequently; and in vibration occasionally. She is able to interact with supervisors and coworkers occasionally, but never with the public, except incidentally. She needs a low-stress work environment defined as occasional changes in the work setting, occasional decision-making required, and no fast-paced production or strict time quota requirements. (Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 27-28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary

Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) he did not fully incorporate the opinions of non-examining consultants, Danelle Stevens-Watkins, M.D. and Mary Thompson, M.D. into the RFC, even though he found them to be persuasive and (2) the ALJ did not mention or discuss the opinion of Tracey Hamilton, APRN.

  C. **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ he did not fully adopt the opinions of non-examining consultants, Danelle Stevens-Watkins, M.D. and Mary Thompson, M.D., even though he found them to be persuasive.

Both Dr. Stevens-Watkins and Dr. Thompson set forth their opinions in Mental Residual Functional Capacity Assessment (MRFCA) forms. (Tr. 89-92, 112-15). The form has three sections. Section I is a worksheet and "does not constitute an RFC assessment." Social Security Administration Program Operations Manual System (POMS) DI 24510.060, Mental Residual Functional Capacity Assessment. Section III is the actual RFC assessment. *Id.*

Contrary to Plaintiff's assertion, the ALJ did, in fact adopt the opinions of these consultative psychologists as set forth in Section III of their respective forms by including those findings in his hypothetical to the VE and, ultimately, limiting Plaintiff to simple, routine tasks; simple work-related decisions; occasional interaction with coworkers and supervisors; only incidental contact with the general public; a low-stress work environment; and no fast-paced production or strict time quota requirements (Tr. 22).

Plaintiff appears to argue that the findings recorded in Section I should have be incorporated into the RFC. As Defendant points out, this argument has been explicitly rejected by the Sixth Circuit. *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 563 (6th Cir. 2014) (unpublished). *See also, Gallion v. Colvin*, No. CIV.A. 2014-81 WOB, 2015 WL 2417969, at *13 (E.D. Ky. May 20, 2015) (unpublished) (noting the distinction between Section I and Section III of the MRFCA form and finding that "the ALJ incorporated into the hypothetical questions to the [vocational expert] all of the limitations [the State agency psychological

5

consultant] set forth in her narrative description of Plaintiff's mental RFC").

The Court finds that the ALJ correctly considered the opinions of Dr. Stevens-Watkins and Dr. Thompson pursuant to the relevant Regulations.  As such, there is no error in this regard.

Plaintiff's second claim of error is that the ALJ did not mention or discuss the opinion of Tracey Hamilton, APRN.  While it is true that the ALJ did not mention or discuss Tracey Hamilton, he did evaluate her opinions but mistakenly referred to her as Tammy Webb, APRN. This error is harmless.

In evaluation medical opinions, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining. 20 C.F.R. § 404.1520c(b)(3) (2017).

The ALJ determined Ms. Hamilton's opinion was "not supported by reasoned explanations." He explained that although Ms. Hamilton (whom he mistakenly referred to as Ms. Webb) found Plaintiff to be severely limited, both physically and mentally, her opinion lacked any narrative explanation. In addition, the ALJ noted that Ms. Hamilton's examination notes and clinical findings did not include notations of extreme limitation, but, rather, included findings of normal ambulation, normal psychiatric findings, full neck range of motion, normal tone and motor strength, normal movement of all extremities, and normal gait and station (Tr. 26 and 646, 651).

Moreover, the ALJ noted that Ms. Hamilton's opinion of extreme limitation is at odds with the other medical evidence in the record, including the findings of a rheumatologist, neurologist, and Plaintiff's own report to her that her symptoms were "mostly better" and her medication "d[id] all right." (Tr. 882).

Given that the opinion at issue was not well supported and is inconsistent with the record, the Court finds that the ALJ followed the Regulations and did not err in assessing this opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of December 2021.



Signed By:
Henry R Wilhoit Jr.
United States District Judge